CRIMINAL LAW/SEARCH SEIZURE:
 The trial court did not err in overruling the defendant's motion to suppress because:
 1. The stop of a motorist was constitutionally justified because the state proved there was an adequate factual basis for a highway patrolman's broadcast regarding a "possible DUI" entering Middlefield Village. An off-duty dispatch officer observed the defendant run a red light at a high rate of speed, almost striking her, and weave within his lane as she followed. She stopped at a highway patrol post, and a patrolman there radioed Middlefield police.
 2. A Middlefield police officer at the scene had a reasonable suspicion that a motorist was driving under the influence based on five specific and articulable facts: (1) the officer heard a dispatch report about a possible DUI; (2) the defendant's vehicle, license plate, and location matched the information in the dispatch; (3) after the motorist exited his vehicle, the officer noted an odor of alcohol about his person; (4) the motorist admitted he drank "a few beers;" and (5) the stop occurred just after Saturday midnight. Therefore, the officer acted reasonably when he decided to detain the motorist for roadside sobriety tests.
 3. The motorist's poor performance on those tests, combined with all of the foregoing information, gave the officer probable cause to believe the motorist committed a crime, i.e., driving while intoxicated. The warrantless arrest was therefore, valid under the Fourth Amendment.